# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS AUSTIN HILL,<br><br>            Petitioner,<br><br>    v.<br><br>B. M. TRATE,<br><br>            Respondent. | Case No.: 1:22-cv-01433-KJM-CDB<br><br>ORDER TO SHOW CAUSE IN WRITING WHY THIS ACTION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO FILE AN OPPOSITION OR STATEMENT OF NON-OPPOSITION TO RESPONDENT'S MOTION TO DISMISS<br><br>**14-DAY DEADLINE**<br><br>Clerk of the Court to Update Petitioner's <u>Address and Effect Service</u> |

Petitioner Thomas Austin Hill is proceeding pro se and *in forma pauperis* in this habeas action pursuant to 28 U.S.C. § 2241.

**Background**

On September 12, 2024, Respondent B. M. Trate filed a motion to dismiss Petitioner's complaint. (Doc. 22). Although Petitioner did not timely respond to the motion, on September 23, 2024, the Clerk of the Court docketed on Petitioner's behalf a notice of change of address, signed and dated by Petitioner on September 17, 2024, in which Petitioner attested that he had left his previous facility, was currently in transit, and would notify the Court of his new address once he became aware of it. (Doc. 23).

Due to his reported continuing transfer through two transit centers, Petitioner thereafter

sought from the Court and received two extension of time (for a total of 90 days) within which to respond to Respondent's motion to dismiss. (Docs. 24-27). In both of its orders granting Petitioner extensions of time, the Court directed him to file a notice of change of address as soon as he became aware of his final destination. (Doc. 25 at 2; Doc. 27 at 3). The Court's orders and the motion to dismiss (Doc. 22) were served by mail on Petitioner at the addresses he supplied in his requests for extensions. Neither order was returned undeliverable.

The extended deadline by which Petitioner was to file a notice of change of address and respond to Respondent's motion to dismiss was January 16, 2025, and Petitioner has failed to file either an opposition or a statement of non-opposition to the motion, or a notice of change of address, or otherwise explained his delinquency.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Separately, this Court's Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective. Separate notice shall be filed and served on all parties in each action in which an appearance has been made." Also, Local Rule 183(b) states: "A party appearing in propria persona shall keep the Court and opposing

1 parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by
2 the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and
3 opposing parties within sixty-three (63)[1] days thereafter of a current address, the Court may
4 dismiss the action without prejudice for failure to prosecute."

Petitioner has failed to comply with the Court's orders[2] and Local Rules 182(f) and 183(b). A search of the Bureau of Prison's inmate database shows Petitioner's new address as Federal Correctional Institution, Williamsburg, located at 8301 Highway 521, Salters, SC 29590.[3] *As a one-time courtesy only*, the Court will direct the Clerk of the Court to update Petitioner's address in the docket.

**Conclusion and Order**

Accordingly, the Court **ORDERS** Petitioner to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Local Rules for failure to file an opposition, or statement of non-opposition, to Respondent's motion to dismiss (Doc. 22). Petition may comply with this order in the alternative by filing his opposition or statement of non-opposition to the motion to dismiss by that same deadline. **Failure to comply with this order will result in a recommendation that this action be dismissed for a failure to prosecute and to comply with the Local Rules**.

///
///
///

---

[1] Local Rule 183(b) was revised, effective January 1, 2025, shortening the time to 30 days within which a plaintiff must notify the Court of changes of address.

[2] Petitioner was advised of his obligation to keep the Court apprised of his current address shortly after he initiated this lawsuit. *See* Prisoner New Case Documents, issued November 7, 2022. (Doc. 3 at 2, 4 ["Each party appearing in propria persona is under a continuing duty to notify the Clerk and all other parties of any change of address by filing separate notice; absent such notice, service at prior address shall be fully effective. A sample Notice of Change of Address form is attached."]). Indeed, Petitioner recognizes his duty to update his address with the Court, as demonstrated by his filing of a notice of change of address. *See* (Doc. 23).

[3] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed on January 22, 2025), archived at https://perma.cc/7DWH-ATAF.

3

Further, the Court **DIRECTS** the Clerk of the Court to update Petitioner's address as follows: Register Number 01699-000, FCI Williamsburg, 8301 Highway 521, Salters, SC 29590, and effect service of a copy of this order on Petitioner at that address.

IT IS SO ORDERED.

Dated:   **January 22, 2025**

UNITED STATES MAGISTRATE JUDGE

4